# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

BETTINA DREW,
    *Plaintiff*,

v.

UNITED STATES, WESTERN MISSOURI DISTRICT,
    *Defendant*.

No. 3:18-cv-01070 (JAM)

## ORDER DISMISSING ACTION

Plaintiff brings this *pro se* action against the United States to compel the government to criminally prosecute an individual whom she alleges is a serial killer. I conclude that this action is frivolous because a private citizen cannot compel the United States to criminally prosecute another person. Accordingly, I will dismiss this action with prejudice.

### BACKGROUND

Plaintiff alleges that a certain person is a serial killer who is responsible for the deaths of at least 28 of his patients while he was a registered nurse at a Veterans Administration hospital in Missouri. Doc. #1 at 3, 6. The complaint cites a case upholding a civil judgment against the United States on behalf of the Veterans Administration for the killing by this person of one of his patients. *See Havrum v. United States*, 204 F.3d 815 (8th Cir. 2000). Plaintiff criticizes the government's "malignant and deliberate failure to stop serial murder." *Id.* at 10.

Although this person was allegedly arrested and charged with killing patients, the charges were later dropped, and the person was released. *Id.* at 30-32. Plaintiff seeks injunctive relief in the form of "an immediate prosecution of [the person] and that [the Court] refer the matter to Kansas City and appoint John Kurtz attorney for the murdered so that he can salute all the Missouri dead." *Id.* at 6.

## DISCUSSION

A district court has inherent authority to dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*). In determining whether a case is subject to dismissal, it is well-established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I conclude that this action is plainly frivolous because a private citizen may not maintain an action to compel the government to bring a criminal prosecution against another person. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Annis v. Vermont Prosecutors*, 568 F. App'x 9, 10 (2d Cir. 2014) (affirming *sua sponte* dismissal of complaint against prosecutors for failing to prosecute). Moreover, I conclude that there is no reason to believe that a valid claim could be stated, and I will therefore deny leave to amend the complaint.

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED with prejudice. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 6th day of July 2018.

                                            /s/*Jeffrey Alker Meyer*
                                            Jeffrey Alker Meyer
                                            United States District Judge